

MATTER OF RAMIREZ

In Visa Petition Proceedings

A-19660733

*Decided by Board March 11, 1971*

Legitimation of beneficiary, who was born out of wedlock, was not accomplished by act of acknowledgment of paternity by the U.S. citizen petitioner in Louisiana in 1970 when he had legitimate children, since, under the law of Louisiana, a parent cannot legitimate his natural child by notarial act of acknowledgment when there exist on the part of such parent legitimate ascendants or descendants.

The petitioner appeals the decision of the District Director denying this visa petition filed to accord the beneficiary immediate relative status as the child of a United States citizen. The District Director determined that the petitioner failed to establish that he married the beneficiary's mother or otherwise legitimated the beneficiary in accordance with the provisions of section 101(b)(1)(C). We affirm that decision.

The petitioner is a native of Honduras who became a naturalized citizen on March 4, 1964. The beneficiary, a native and citizen of Honduras, was born on February 5, 1954 in Tela, Atlanda, Honduras, and resides in Honduras. The petitioner never married the beneficiary's mother. The beneficiary's birth certificate presented in support of this petition does not mention the father's name but lists the mother as unmarried and the beneficiary as her illegitimate son. No evidence was presented of acknowledgement by the father at the time of birth registration.

The petitioner's residence is in New Orleans, Louisiana. In support of the petition, the petitioner submitted an Act of Acknowledgement executed on October 4, 1970 at New Orleans, Louisiana, wherein he acknowledges that he is the father of the beneficiary, that he did not marry the beneficiary's mother, and that the beneficiary was born out of wedlock. The petitioner is presently married. He has eight legitimate children of this present marriage and two others by a prior marriage.

Section 101 (b) (1) (C) defines the term "child" to mean a child legitimated under the law of the child's residence or domicile, or under the law of the father's residence or domicile, whether inside or outside of the United States. Under the Civil Code of Honduras, although there are other legal requirements, legitimation can only be accomplished through the marriage of the child's natural parents.[1] It is, therefore, clear that the beneficiary is not the legitimated child under the law of the place of his residence because there was no marriage of the natural mother with the natural father.

The Louisiana Revised Civil Code provides for the legitimation of a child born out of wedlock by the subsequent marriage of the natural parents provided the child was formally or informally acknowledged as their child by them before or after the marriage.[2] Moreover, a natural father or mother has the power to legitimate by a notarial act of acknowledgment, but only the offspring of parents who, at the time of conception, could have contracted marriage can be legitimated in that manner. However, a parent cannot legitimate his natural child by notarial act of acknowledgment, when there exist on the part of such parent legitimate ascendants or descendants.[3] The fact that this petitioner has at least eight legitimate descendants precluded him from accomplishing the beneficiary legitimation through a notarial act of acknowledgment under the laws of Louisiana.

**ORDER:** It is ordered that the appeal be and the same is hereby dismissed.

---

[1] The Civil Code of Honduras, Title XIV, Articles 205–208, 276 and 277.
[2] Louisiana Revised Civil Code, Article 198.
[3] Id. Article 200.